UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 15-01145-TLM |
| MELODY ANN STOVER, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| RICHARD E. STOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 15-06058-TLM |
| ) | |
| MELODY ANN STOVER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OF DECISION

**BACKGROUND**

On November 12, 2014, Richard Stover ("Plaintiff") was awarded a $2,342.05, state court judgment for overpayment and reimbursement of child support against Melody Stover ("Defendant"). On August 26, 2015, Defendant filed a voluntary chapter 7 bankruptcy petition, which halted Plaintiff's collection on his state court judgment. *See* Case No. 15-01145-TLM.

Defendant has not disputed the debt owed to Plaintiff or its characterization

MEMORANDUM OF DECISION - 1

as a nondischargeable debt. Indeed, she scheduled it as a priority unsecured debt and characterized the same as a domestic support obligation ("DSO"). *See* Case No. 15-01145-TLM at Doc. No. 1, sched. E.

Plaintiff initiated this adversary proceeding on November 6, 2015. When initially presented with a stipulated judgment, Defendant refused to sign it due to the inclusion of attorneys' fees. Plaintiff and Defendant have since submitted a stipulation (and proposed form of judgment) stating the state court judgment amount is nondischargeable. However, they continue to disagree over whether Plaintiff is entitled to attorneys' fees in bringing the nondischargeability action before this Court. The parties have submitted their legal arguments on the issue and the following constitutes the Court's conclusions of law.

## DISCUSSION AND DISPOSITION

### A. Attorneys' fees

Federal courts generally follow the American Rule, which does not provide attorneys' fees to a prevailing party except when required by contract or by statute. *See Bertola v. Northern Wisconsin Produce Co. (In re Bertola)*, 317 B.R. 95, 99–100 (9th Cir. BAP 2004). Moreover, the Bankruptcy Code does not establish a general right to recover fees. Here, Plaintiff has not shown a contract or federal statute that would allow the recovery of attorneys' fees in dischargeability litigation.

In *Kilborn v. Haun (In re Haun)*, 396 B.R. 522 (Bankr. D. Idaho 2008), this

MEMORANDUM OF DECISION - 2

Court recognized an exception in dischargeability litigation. Under *Haun*, the inquiry is "whether the creditor plaintiff would be entitled to fees in state court *for establishing those elements of the claim which the bankruptcy court finds support a conclusion of nondischargeability*." *Id.* at 529 (emphasis added).

Here, Plaintiff was not required to establish the nature of the claim nor its nondischargeability. Defendant stipulated that the claim was a DSO, and that the previously entered state court judgment was nondischargeable. Indeed, she represented that she acknowledged the nondischargeability of that debt at her September 25, 2015, § 341(a) meeting of creditors, well prior to the initiation of this adversary proceeding. The only dispute throughout this matter has been over Plaintiff's asserted right to attorneys' fees.

Fundamentally, *Haun* recognizes that, at times, a creditor may have to establish through bankruptcy court litigation, its claim (per state law) as well as the nondischargeability of that claim (per bankruptcy law). Given this dual nature, fees under state law may be available for the former. Not all § 523(a) actions have this duality. The instant case certainly does not. *Haun* is therefore inapplicable and the parties bear their own fees.[1]

---

[1] Even if Plaintiff were to establish a right to fees, the reasonable amount to be awarded would be subject to the Court's discretion. *See Haun*, 396 B.R. at 531. Here, the Court does not find any amount of fees reasonable given that Defendant did not dispute the amount of the debt, nor its dischargeability. Defendant's only resistence to a stipulated judgment was the inclusion of attorneys' fees for bankruptcy litigation; fees *Haun* would not support given the claim was previously established and need not be tried.

MEMORANDUM OF DECISION - 3

Were *Haun* to apply, Plaintiff cites to Idaho Code § 12-120(1) and § 12-120(5) in support of his request for fees. Idaho Code § 12-120(1) states:

> Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

Idaho Code § 12-120(5) states:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

Plaintiff appears to argue that he was entitled to attorneys' fees in his initial state court action under Idaho Code § 12-120(1), even though he did not request and receive the same, and therefore, he is entitled to fees in post-judgment collection under § 12-120(5). While it appears, based on Plaintiff's assertion of written demand and the face value of the judgment, that the Idaho statute would support attorneys' fees in the state court, the record before this Court does not establish that Idaho Code § 12-120(1) fees were sought or awarded. Moreover, this

MEMORANDUM OF DECISION - 4

adversary proceeding is not a post-judgment collection action. Thus, even were *Haun* to apply here, Plaintiff has not borne the burden of establishing a right to fees.

### B.   Costs

Plaintiff also requests costs of $357.40. Costs are taxed under Rule 7054(b) and LBR 7054.1 in favor of the prevailing party. Plaintiff is the prevailing party, since he has successfully obtained a stipulated, nondischargeability judgment against Defendant. Thus, despite the Court's view as to the lack of necessity for this litigation, Plaintiff is entitled to costs.

Plaintiff has submitted itemized costs, but has not provided the required certification. *See* LBR 7054.1(a) (requiring a cost bill to "be supported by a certification of counsel that the costs are correctly stated, were necessarily incurred and are allowed by law."). Despite the lack of certification, the Court has nevertheless reviewed the requested costs. It appears to the Court that only the filing fee of $350.00 is allowable. The remaining copy charges and postage do not qualify as taxable costs under the rules.

### C.   Remaining issues

Defendant requests she be allowed to pay Plaintiff a set monthly amount of $150. Unfortunately, such a request is outside this Court's authority and jurisdiction. The Court will enter the parties' proposed form of judgment of nondischargeability of the state court judgment but modified to include the

MEMORANDUM OF DECISION - 5

allowed costs of $350.00. While the Court sees merit to the parties negotiating a reasonable payment plan and avoiding further litigation, the resolution and collection of that nondischargeable judgment is a matter between the parties.

**CONCLUSION**

The Court will enter a judgment consistent with the foregoing.

DATED: August 30, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE